UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

THARON SIMMONS,

    Plaintiff,

v.

NANCY A. BERRYHILL, Acting Commissioner of Social Security

    Defendant.

No. 2:16-cv-2612-EFB

ORDER

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying his application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act. The parties have filed cross-motions for summary judgment. ECF Nos. 19 & 20. For the reasons discussed below, plaintiff's motion is granted and the Commissioner's motion is denied. The matter is remanded for further proceedings.

I.     Background

On September 15, 2014, plaintiff filed an application for SSI, alleging that he had been disabled since December 31, 2012.[1] Administrative Record ("AR") 166-74. Plaintiff's

---

[1] Plaintiff's application of record lists his disability date as "10/31/12." AR at 167. The Administrative Law Judge's decision and later disability documents list the beginning of disability as December 31, 2012. *Id.* at 23, 175.

1

application was denied initially and upon reconsideration by the Commissioner. *Id.* at 103-07, 110-14. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), and a hearing was held on March 29, 2016 before ALJ Carol L. Buck. *Id.* at 37-70. Plaintiff appeared and testified and was represented by an attorney. *Id.* at 40. A vocational expert also testified. *Id.* at 67-69.

The ALJ issued a decision on May 23, 2016, finding that plaintiff was not disabled under 1614(a)(3)(A) of the Act.[2] *Id.* at 23- 32. She made the following specific findings:

1. The claimant has not engaged in substantial gainful activity since September 15, 2014, the application date (20 CFR 416.971 *et seq.*).

---

[2] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. §§ 401 *et seq.* Supplemental Security Income ("SSI") is paid to disabled persons with low income. 42 U.S.C. §§ 1382 *et seq.* Under both provisions, disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A five-step sequential evaluation governs eligibility for benefits. *See* 20 C.F.R. §§ 423(d)(1)(a), 416.920 & 416.971-76; *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

*Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. *Yuckert*, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. *Id.*

2

\* \* \*

2. The claimant has the following severe impairments: back sprain/strain; depression and anxiety (20 CFR 416.920(c)).

\* \* \*

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).

\* \* \*

4. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform medium work as defined in 20 CFR 416.967(c) except he is limited to single one and two step tasks; occasional public, coworker contact, which is superficial in nature and "occasional" as defined as 1/3 of the day; and is restricted from working around heights or dangerous machinery.

\* \* \*

5. The claimant is unable (sic)[3] to perform past relevant work (20 CFR 416.965).

\* \* \*

6. The claimant has not been under a disability, as defined by the Social Security Act, since September 15, 2014, the date the application was filed (20 CFR 416.920(g)).

*Id.* at 25-32.

Plaintiff's request for Appeals Council review was denied on September 16, 2016, leaving the ALJ's decision as Commissioner's final decision. *Id.* at 1-6.

II. <u>Legal Standards of Review</u>

The Commissioner's decision that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence in the record and the proper legal standards were applied. *Schneider v. Comm'r of the Soc. Sec. Admin.*, 223 F.3d 968, 973 (9th Cir. 2000); *Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

---

[3] This appears to be a typographical error on the part of the ALJ. In the text of her analysis the ALJ expressly found that the plaintiff could perform past relevant work as a kitchen helper. AR at 30-31.

3

The findings of the Commissioner as to any fact, if supported by substantial evidence, are conclusive. *See Miller v. Heckler*, 770 F.2d 845, 847 (9th Cir. 1985). Substantial evidence is more than a mere scintilla, but less than a preponderance. *Saelee v. Chater*, 94 F.3d 520, 521 (9th Cir. 1996). "'It means such evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)).

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

III. <u>Analysis</u>

Plaintiff argues that the ALJ erred in (1) failing to properly address the medical evidence of his condition and the work-related restrictions expressed by his treating psychiatrist; and (2) concluding that plaintiff could perform his past relevant work as a kitchen helper.

A. <u>Relevant Legal Standards</u>

The weight given to medical opinions depends in part on whether they are proffered by treating, examining, or non-examining professionals. *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). Ordinarily, more weight is given to the opinion of a treating professional, who has a greater opportunity to know and observe the patient as an individual. *Id.*; *Smolen v. Chater*, 80 F.3d 1273, 1285 (9th Cir. 1996). To evaluate whether an ALJ properly rejected a medical opinion, in addition to considering its source, the court considers whether (1) contradictory opinions are in the record; and (2) clinical findings support the opinions. An ALJ may reject an uncontradicted opinion of a treating or examining medical professional only for "clear and convincing" reasons. *Lester*, 81 F.3d at 831. In contrast, a contradicted opinion of a treating or examining medical professional may be rejected for "specific and legitimate" reasons that are supported by substantial evidence. *Id.* at 830. While a treating professional's opinion generally is accorded superior weight, if it is contradicted by a supported examining professional's opinion

(e.g., supported by different independent clinical findings), the ALJ may resolve the conflict. *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995) (citing *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)). However, "[w]hen an examining physician relies on the same clinical findings as a treating physician, but differs only in his or her conclusions, the conclusions of the examining physician are not 'substantial evidence.'" *Orn v. Astrue*, 495 F.3d 625, 632 (9th Cir. 2007).

B. Background

The ALJ found that the medical records did not support plaintiff's claims of disabling depression and anxiety. AR at 28. She noted that in 2014 plaintiff had been psychologically assessed on two separate occasions. On August 20, 2014, plaintiff was treated for psychological issues at the Mercy San Juan Medical Center. *Id.* at 28, 280. His differential diagnosis at that time was noted as: depression, suicide risk, and bipolar disorder. *Id.* at 279. Plaintiff was discharged five days later and prescribed the medication Cymbalta. *Id.* at 324. Then, on December 5, 2014, plaintiff was psychiatrically assessed by Sacramento County Division Behavioral Health Services ("DBHS"). *Id.* at 381. The ALJ noted that, although the mental status examination found that plaintiff was guarded and tearful, he also presented with appropriate psychomotor activity, a linear thought process, and attentive concentration. *Id.* at 28, 383-86.

In 2015, plaintiff received treatment from Dr. Andres Sciolla at "Turning Point." *Id.* at 401. The ALJ noted that, on February 4, 2015, plaintiff's treatment notes stated that his mood had improved, his nightmares were reduced to approximately once a week, he maintained good eye contact, was cooperative and pleasant, had good insight and judgment, and had a linear thought process. *Id.* at 401-02. The ALJ also pointed to a second evaluation with DBHS on October 21, 2015 at which plaintiff had good eye contact, a good energy level, appropriate psychomotor activity, normal motor activity, linear thought process, and adequate memory and attentive concentration.[4] *Id.* at 491-93.

---

[4] The ALJ also noted, however, that plaintiff presented with guarded and tearful affect, blunted affect, and depressed mood. AR at 491-92.

5

Finally, the ALJ noted that, in March of 2016, at an intake examination conducted by a social worker, *id.* at 28-29, 499, plaintiff reported anxiety, panic attacks, feeling fearful, depression, auditory hallucinations, nightmares, racing thoughts, and paranoia. *Id.* at 499.

Based on the foregoing, the ALJ found that, since August 2014, plaintiff had reported overall improvement in mood. *Id.* at 29. She noted that, although he continued to report nightmares, anxiety, panic attacks and depressive symptoms, he also was observed as cooperative with linear thought process, normal concentration and attention of mental status examinations. *Id.* Thus, she found that "the medical evidence and objective findings of record do not support the claimant's allegations of an inability to perform all work." *Id.* She also noted, that despite testimony from plaintiff regarding anger problems, there was no evidence that he was involved in any altercations. *Id.* In so doing, the ALJ rejected treating physician Andres Sciolla's[5] opinion that plaintiff was unable to sustain working forty hours a week. She reasoned that plaintiff only saw Dr. Sciolla three times and the "mild objective findings on mental status examinations do not support the level of limitations opined by [Dr. Sciolla]." *Id.* at 30.

As noted *supra*, the ALJ found that plaintiff could perform medium work with occasional (defined as a third of the day) public and coworker contact that is superficial in nature. *Id.* at 27.

C. <u>Analysis</u>

Plaintiff alleges that the ALJ failed to properly address the medical evidence regarding plaintiff's psychiatric condition and improperly rejected the limitations expressed by his treating psychiatrist. ECF No. 19 at 14. The court agrees.

The ALJ did not offer specific and legitimate reasons supported by substantial evidence[6] for rejecting the treating physician's assessment.[7] The ALJ concluded that "mild objective

---

[5] The ALJ mistakenly identified Dr. Andres Sciolla as "Andrea Scialla." AR at 30.

[6] In his motion, plaintiff appears to argue that the "clear and convincing reasons" standard for rejecting an uncontradicted treating physician's opinion should control. ECF No. 19 at 21. As the commissioner notes, however, Dr. Sciolla's opinion was contradicted by state agency psychologists. AR at 76, 92. Thus, the "specific and legitimate" standard applies. *See Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008).

[7] Having so found, the court does not address plaintiff's second argument that the ALJ

findings on mental status examinations" did not support functional limitations reported by Dr. Sciolla. This determination is simply too conclusory to satisfy the standards for rejection of Dr. Sciolla's treating opinion. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) ("the agency [must] set forth the reasoning behind its decisions in a way that allows for meaningful review"); *Embrey v. Bowen*, 849 F.2d 418, 421-422 (9th Cir. 1988) ("To say that medical opinions are not supported by sufficient objective findings or are contrary to the preponderant conclusions mandated by the objective findings does not achieve the level of specificity our prior cases have required, even when the objective factors are listed seriatim. The ALJ must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct.").

As a preliminary matter, the ALJ appears to have placed undue weight on the fact that plaintiff saw Dr. Sciolla only three times. The fact that Dr. Sciolla treated plaintiff on only three occasions was a factor which the ALJ could consider, but is not by itself a specific and legitimate reason to assign less weight to the treating physician's opinion. The regulations provide that "the longer a treating source has treated you and the more times you have been seen by a treating source, the more weight we will give to the source's medical opinion." *See* 20 C.F.R. § 416.927(c)(2)(i). Here, there is no question that Dr. Sciolla *was* a treating physician. *See, e.g.*, *Ghokassian v. Shalala*, 41 F.3d 1300, 1303 (9th Cir. 1994) (treating physician despite only two visits over 14 months). As such, the length of the treating relationship between plaintiff and Sciolla was not dispositive. *See, e.g., Durham v. Colvin*, Case No. CV 15-00567-RAO, 2015 U.S. Dist. LEXIS 170389, 2015 WL 9305627, at *5 (C.D. Cal. Dec. 21, 2015) (while "the regulations permit an ALJ to consider the length and frequency of the treatment relationship," this is only "one . . . factor" and "is not alone a specific and legitimate reason to give [a treating physician's] opinions less weight.").

/////

/////

---

erred in her determination regarding plaintiff's ability to do past work.

Thus, as articulated *supra*, the validity of the ALJ's rejection of Dr. Sciolla's opinion rests on her finding that the proposed limitations were inconsistent with "the mild objective findings on mental status examinations." AR at 30. The ALJ cited several treatment records to support this assertion, but failed to offer any explicit analysis which explained how these records were actually and specifically inconsistent with the treating physician's limitations. *See Embrey*, 849 F.2d at 421-422; *see also McAllister v. Sullivan*, 888 F.2d 599, 602 (9th Cir. 1989) (an ALJ's rejection of a physician's opinion on the ground that it was contrary to clinical findings in the record was "broad and vague, failing to specify why the ALJ felt the treating physician's opinion was flawed"). Further, the ALJ's assertion that the mental status examination findings were "mild" is not supported by any citation to expert medical testimony and, as such, was improper. *See Whitney v. Schweiker*, 695 F.2d 784, 788 (7th Cir.1982) ("[B]ecause an Administrative Law Judge as a rule is not a doctor, he should avoid commenting on the meaning of a test or clinical x-ray when there has been no supporting expert testimony."). And it is far from clear that plaintiff's mental status findings meet any reasonable definition of "mild." Although plaintiff showed improvement in some areas over the course of his mental health treatment in 2014 and 2015 (*e.g.* fewer nightmares (AR at 387), efforts to maintain a degree of personal hygiene (*id.*), calm motor activity (*id.* at 492)), treatment notes indicate that plaintiff continued to suffer from challenging psychiatric issues. On December 5, 2014, at his mental status examination by DBHS, plaintiff presented as: (1) disheveled in dress; (2) guarded in attitude; (3) having a blunted affect; and (4) having impaired judgment and insight. *Id.* at 383-85. Then, on February 4, 2015, treatment notes indicated that plaintiff "has trouble going to the grocery market by himself [,] or being in large crowds, or having a visitor whom he does not know in the house." *Id.* at 387. Those notes also state that plaintiff's anxiety was such that the mere activity of "taking a walk outside just from his house to the nearest lamp-post so that he could slowly get used to being away from his comfort zone" was a challenge. *Id.* An October 21, 2015 mental status exam, also by DBHS, mirrored the one conducted on December 5, 2014. Once again, plaintiff was observed as: (1) guarded and tearful; (2) having a blunted affect; (3) disheveled in his dress; and (4) impaired in judgment and

/////

insight. *Id.* at 491-92. These records do not provide a sufficient basis for rejecting the opinion of the treating psychiatrist.

The only remaining question is whether to remand for additional administrative proceedings or the award of benefits. "The decision whether to remand a case for additional evidence, or simply to award benefits is within the discretion of the court." *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987). A court should remand for further administrative proceedings, however, unless it concludes that such proceedings would not serve a useful purpose. *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2016). The court cannot say that additional proceedings would have no utility in the present case. That the ALJ failed to provide sufficient reasons for discounting the treating physician's opinion in this instance does not compel a finding that she is *unable* do so. Additionally, the potential generation of additional medical evidence in the intervening years may prove enlightening. *See Treichler v. Comm'r of Soc. Sec.*, 775 F.3d 1090, 1101 (9th Cir. 2014) (additional proceedings have utility where "there is a need to resolve conflicts and ambiguities, . . . or the presentation of further evidence . . . may well prove enlightening in light of the passage of time.") (internal quotations and quotation marks omitted).

IV. Conclusion

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 19) is granted;

2. The Commissioner's cross-motion for summary judgment (ECF No. 22) is denied;

3. This matter is remanded for additional administrative proceedings; and

4. The Clerk is directed to enter judgment in plaintiff's favor and close the case.

DATED: March 21, 2018.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

9